BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
Phoenix, AZ  85012
Tel: (480) 227-4984
Fax: (602) 865-1527
Jocquese L. Blackwell SBN 023588
Jocquese@azjustice.com
Gillmore Bernard SBN 032306
Gill@azjustice.com
Attorneys for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Samuel Denk, a single man | |
| Plaintiff, | Case No.: CV-20-00818-ROS-MHB |
| vs. | |
| City of Peoria, et. al, | **C O M P L A I N T** |
| Defendants. | **NEGLIGENCE, EXCESSIVE USE OF FORCE AND VIOLATIONS OF CIVIL RIGHTS AND DAMAGES** |
| | **JURY TRIAL DEMANDED** |

Plaintiff Samuel Denk (hereinafter, "Plaintiff Denk") by and through counsel undersigned, for his Complaint, alleges as follows:

1.    Plaintiff Denk is a single individual and is a resident of Peoria, Maricopa County, Arizona.

2.    Defendant Arthur Miller (hereinafter, "Chief Miller") holds the position of Peoria Chief of Police and employer of the Peoria City Police Officers named herein.

3.    Chief Miller is named in his official capacity only, as the Chief of the Peoria Police Department. He is vicariously liable under the state law claims asserted herein for the conduct of his police officers while acting in the course and scope of their employment.

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

4.      Upon information and belief, Defendants Sgt. Matthew Miller and Jane Doe Miller are a married couple residing in Maricopa County, Arizona. Sgt. Miller's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Miller marital community.  At all times mentioned, Sgt. Miller was an employee of the Peoria Police Department.  Sgt. Miller is being sued individually and in his official capacity as a Police Officer for the Peoria Police Department (hereinafter, "Peoria P.D.")

## JURISDICTION & VENUE

5.      Jurisdiction is appropriate in this Court pursuant to the Arizona Constitution, A.R.S. §§12-122, 12-123 and common law.

6.      Plaintiff brings this action pursuant to A.R.S. § 13-3881 *et seq*., EXCESSIVE USE OF FORCE; 42 U.S. C. § 1983; the Fourth, and Fourteenth Amendments of the United States Constitution; and pendent state common law and statutory laws.

7.      This court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1988.  Additionally, this court has jurisdiction over Plaintiffs' state and federal claims pursuant to Article 6, §14 of the Arizona Constitution.

8.      Plaintiffs have satisfied the provisions of A.R.S. §12-821.01 by serving upon Defendants a notice of claim. Pursuant to A.R.S. §12-821.01(E), the claim has been denied by all Defendants.

9.      Venue is proper in this court pursuant to A.R.S. §12-401 as the defendants are residents of Maricopa County, Arizona and the events underlying this lawsuit occurred in Maricopa County.

## GENERAL FACTS

10.      All of the allegations set out above are reasserted and incorporated by reference.

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

11.     On March 27, 2019, during a routine traffic stop, Defendant Matthew Miller of the Peoria Police Department believed that Samuel's vehicle taillights were not illuminated.

12.     During the encounter Defendant Matthew Miller shot Samuel in his face and caused him severe and permanent injuries.

13.     Defendant Matthew Miller was interviewed at the scene and was accompanied by an attorney.  Detective Jeffrey Balson #6948 provided a narrative of Defendant Matthew Miller's statements in the Peoria Departmental Report.

14.     Defendant Matthew Miller was wearing a police-issued body warn camera (hereinafter, "BWC") and a little over 4 minutes were recorded during the stop.

15.     A close review of the video shows Defendant Matthew Miller making a wide approach towards the Plaintiff Denk's vehicle.

16.     Prior to police contact, Plaintiff Denk had rolled all of his windows down to allow Defendant Matthew Miller an unobstructed view inside his vehicle.

17.     When Defendant Matthew Miller approaches, he goes past the B-pillar of the vehicle and walks directly perpendicular to the open driver's side door where Plaintiff Denk was seated.

18.     Plaintiff Denk acknowledges Defendant Matthew Miller's presence and says, "how are you doing, and Defendant Matthew Miller provides his name and the name of his employer.

19.     Contemporaneous with providing the name of his employer, Defendant Matthew Miller advised Plaintiff Denk that he noticed a firearm in the vehicle.

20.     At the time Defendant Matthew Miller noticed the firearm, Plaintiff Denk's left arm was resting on the driver's side door area and his right arm was resting on his right leg with his right hand on his knee, with both arms and hands in Defendant Matthew Miller's full sight.

21.     Defendant Matthew Miller alleged he saw the firearm in Plaintiff Denk's lap area.

22.     Upon information and belief, Defendant Matthew Miller decided to place his finger on the trigger of his duty weapon when he saw Plaintiff Denk's weapon in his lap.

23.     Contemporaneous with seeing Plaintiff Denk's firearm, Defendant Matthew Miller drew his weapon and purposely placed his finger on the trigger.

24.     Contemporaneous with seeing Plaintiff Denk's firearm, Defendant Matthew Miller gave Plaintiff Denk the following commands in a normal voice:

25.     "Do not reach for that firearm"

26.     "Put your hands on the steering wheel right now"

27.     Based on the BWC evidence, upon seeing Plaintiff Denk's firearm, Defendant Matthew Miller unholsters his duty weapon and places his finger on the trigger.

28.     At the time of the Defendant Matthew Miller's first commands, Plaintiff Denk's arms were in two distinct places, his left arm was resting on the driver's side door with his left hand and arm fully in Defendant Miller's sight, and Plaintiff Denk's right arm was resting between his right thigh and knee area with his right hand on his knee.

29.     At no time during the encounter with Defendant Matthew Miller did Plaintiff Denk's hands reach for or touch the weapon inside his vehicle.

30.     Plaintiff Denk did not move either hand and/or arm during the first command.

31.     Based on the BWC, one can see Plaintiff Denk turn his head up toward Defendant Matthew Miller and attempt to say something.

32.     At that moment, Defendant Matthew Miller yells: "put your hands on the steering wheel, put your hands on the steering wheel!"

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

33.     The BWC video shows Samuel looking up at Defendant Matthew Miller, with his hands in the same initial position.

34.     The BWC video shows Defendant Matthew Miller pointing his duty weapon at and/or near Plaintiff Denk's head.

35.      Plaintiff Denk complies with Defendant Matthew Miller's command and raises his left and right hand towards the steering as directed.

36.     The BWC video shows that there is no weapon in either of Plaintiff Denk's hands when he raised them towards the steering wheel as commanded.

37.     The BWC video does not show Plaintiff move his left hand towards his lap area after any of the commands by Defendant Matthew Miller.

38.     The BWC video does not show Plaintiff Matthew Miller grab his firearm with his right hand or his left hand.

39.     Although the Defendant Matthew Miller informed police offers that Plaintiff Denk moved his left and right hand towards his lap when he ordered him to place his hands on the steering wheel, Defendant Matthew Miller's statements are not supported by the video evidence.

40.     As Plaintiff Denk raises his Defendant Matthew Miller without provocation shoots Plaintiff Denk in the left side of his face.

41.     The bullet went through the left cheek of Plaintiff Denk's face, shattering his upper teeth and upper palate.

42.     The bullet exited the right side of his neck and struck Plaintiff Denk's right shoulder.

43.     Defendant Matthew Miller's verbal reaction – as if he was startled - after his weapon discharged, illuminates the fact that he may have forgot his finger was on the trigger and may have accidentally shot Samuel in his face.

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

44.     Directly after Defendant Matthew Miller shot Plaintiff Denk, and allegedly thinking he was dead, Defendant Matthew Miller commanded Plaintiff Denk to open the door and get out of the car.

45.     Because Plaintiff Denk was severely injured and incoherent, Defendant Matthew Miller is seen unlocking the car door and violently yanking Plaintiff Denk out of the vehicle unto the ground.

46.     After seeing that Plaintiff Denk was still alive and severely injured, Defendant Matthew Miller searches him for weapons and calls for medical help.

47.     Defendant Matthew Miller's account and/or statement about this incident does not match the BWC evidence as it pertains to the location and/or placement of Plaintiff Denk's hands prior to Defendant Matthew Miller's discharge of his weapon.

48.     Based on the BWC evidence, there is strong evidence that Defendant Matthew Miller unholstered his duty weapon and placed his finger on the trigger as soon as he saw the Plaintiff Denk's weapon.

49.     BWC evidence clearly shows both of Plaintiff Denk's hands and arms moving up toward the steering wheel - as he was ordered - at the moment he was shot.

50.     Plaintiff Denk's left arm fell to his lap after Defendant Matthew Miller shot him and not before.

51.     Defendant Matthew Miller's statements about Plaintiff Denk's actions as it pertains to the movement of his arms and hands were patently false.

52.     Defendant Matthew Miller's mischaracterizations of Plaintiff Denk's actions were made to cover-up and insulate his wrongful conduct.

## DAMAGES

53.     Based on Defendant Matthew Miller's false statements, Plaintiff Denk was wrongly charged with aggravated assault, a crime he did not commit.

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

54.     Defendant Denk has had to pay legal fees of over $20,000.00USD for representation based on the criminal charges and his ongoing criminal case.

55.     After the shooting, Plaintiff Denk was taken to Banner Hospital Thunderbird.

56.     Plaintiff Denk had to undergo reconstructive surgery of his face and palate and he was hospitalized for 5 days with the cost of his medical treatment being over $109,000.00USD.

57.     Plaintiff Denk continues to suffer from the pain in his face and neck, loss of his teeth, depression, anxiety and speech issues due to Defendant Matthew Miller's wrongful actions.

58.     Plaintiff Denk will continue to have medical bills associated with his injuries for a substantial amount of his lifetime.

59.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.   Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statutes(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985 – 86 and 1988.

## FIRST CLAIM FOR RELIEF
### Negligence Failure to Train - Defendant Chief Miller

60.     All of the allegations set out above are reasserted and incorporated by reference.

61.     Defendant Chief Miller in his official capacity, possessed the power and authority to hire, train and fire employees of the City of Peoria Police Department and based upon information and belief negligently hired and/or trained Defendant Matthew Miller.

62.     By virtue of the foregoing, Defendant Chief Miller owed Plaintiff Denk a duty of due care, and a duty to ensure all officers, to include Defendant Matthew Miller were trained to refrain from shooting unarmed individuals.

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

63.     By virtue of the foregoing, Defendant Chief Miller owed Plaintiff Denk a duty of due care, and a duty to ensure all officers, to include Defendant Matthew Miller were trained to refrain from immediately placing his finger of the trigger of his duty weapon during a routine traffic stop.

64.     By virtue of the foregoing, Defendant Chief Miller owed Plaintiff Denk a duty of due care, and a duty to ensure all officers, to include Defendant Matthew Miller were trained to refrain from immediately placing his finger of the trigger of his duty weapon upon seeing a weapon in a vehicle.

65.     By virtue of the foregoing, Defendant Chief Miller owed Plaintiff Denk a duty of due care, and a duty to ensure all officers, to include Defendant Matthew Miller were trained to refrain from immediately shooting an individual, like Plaintiff Denk, after commanding the person to place their hands on the steering wheel.

66.     Defendant Chief Miller breached his duty by failing to adequately train Defendant Matthew Miller to not fire on unarmed individuals in the City of Peoria.

67.     Defendant Chief Miller breached his duty by failing to adequately train Defendant Matthew Miller to not place his finger on the trigger of his duty weapon during routine traffic stops.

68.     Defendant Chief Miller breached his duty by failing to adequately train Defendant Matthew Miller to not fire upon a person who is following his commands to place his hands on the steering wheel.

69.     As a direct and proximate cause of the aforementioned acts of Defendant Chief Miller, Plaintiff Denk was severely injured when Defendant Matthew Miller shot Plaintiff Denk in his face while following his command and without provocation.

## SECOND CLAIM FOR RELIEF
### Gross Negligence—Sgt. Matthew Miller and City of Peoria

70.     Plaintiff re-alleges and incorporates by reference the claims, facts and allegations in the paragraphs above as if set forth fully herein.

71.     Defendant Matthew Miller has a statutory and common law duty to assure the safety and wellbeing of persons in their care and custody – a duty that includes using only necessary and reasonable force.

72.     Defendant City of Peoria has a statutory and common law duty to assure the safety and wellbeing of persons in their care and custody – a duty that includes using only necessary and reasonable force.

73.     Defendant Matthew Miller unreasonably made a decision to use deadly force and shoot Plaintiff Denk before there was any danger.

74.     Defendant Matthew Miller actions were not reasonable because at the time he made the decision to shoot Plaintiff Denk, there was no reason to be fearful because Plaintiff Denk was not handling the weapon that was sitting in his lap.

75.     Defendant Matthew Miller's actions were unreasonable because at the time he shot Plaintiff Denk, there was no reasonable danger to his life at the time of the shooting.

76.     Defendant Matthew Miller was grossly negligent when he shot Plaintiff Denk in his face after following his commands to place his hands on the steering wheel.

77.     At all times, Defendant Matthew Miller was action under color of law.

78.     Defendant Matthew Miller's actions were unreasonable, he was reckless and his actions constitute gross negligence.

79.     Defendant Matthew Miller is an employee of Defendant City of Peoria.

80.     A reasonable person under the same circumstances would have known that Plaintiff Denk posed no threat to the officer's life, and would not have

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

immediately placed his finger on the trigger and fired a shot into Plaintiff Denk's face without provocation and after ordering him to place his hands on the steering wheel.

81.     At all times material hereto, Defendant Matthew Miller was acting within the course and scope of his employment, and Defendant City of Peoria is vicariously liable for his acts.

82.     Defendant City of Peoria and who did negligently willfully and with a wanton and reckless disregard for Plaintiff Denk's safety, and with full knowledge of Defendant Matthew Miller's conduct, allowed Defendants to mischaracterize Plaintiff Denk's actions on the night in question.

83.     The Defendant City of Peoria, directly and through its employees and agents, were reckless and grossly negligent in the training and supervision of their Officers, to include Defendant Matthew Miller because officers like Defendant Matthew Miller are not supposed to approach vehicles during routine traffic stops with their fingers on the trigger.

1.     Defendant City of Peoria, directly and through its employees and agents, were reckless and grossly negligent in the training and supervision of their Officers, because the officers were never trained to not approach vehicles during routine traffic stops with their finger on the trigger.  Defendant City of Peoria's failure to train in this regard exhibits deliberate indifference due to the fact that the officer having his finger on the trigger during this routine traffic stop, led to an unreasonable use of force against Plaintiff Denk and caused him substantial physical damages, pain, mental suffering and disfigurement.

84.     Defendant City of Peoria, directly and through its employees and agents, were reckless and grossly negligent in the training and supervision of their Officers, because the officers were never trained to not be frightened when they see a citizen like Plaintiff Denk, with a weapon and shoot them when there was no threat to their lives. Defendant City of Peoria's failure to train in this regard exhibits deliberate indifference due to the fact that the officer having his finger on the trigger

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

during this routine traffic stop, led to an unreasonable use of force against Plaintiff Denk and caused him substantial physical damages, pain, mental suffering and disfigurement.

85.     Defendant City of Peoria, directly and through its employees and agents, were reckless and grossly negligent in the training and supervision of their Officers, because the officers were never trained to not provide commands for individuals to place their hands on the steering wheel while at the same time the officer's finger is on the trigger of his duty weapon because when the person follows the officer's order, the officer will involuntarily pull the trigger. The City Defendant's failure to train in this regard exhibits deliberate indifference due to the fact that the officer having his finger on the trigger during this routine traffic stop, led to an unreasonable use of force against Plaintiff Denk and caused him substantial physical damages, pain, mental suffering and disfigurement.

86.     Defendant City of Peoria, directly and through its employees and agents, were reckless and grossly negligent in the training and supervision of the Officers involved in this case because Defendant Matthew Miller was not disciplined for his use of excessive force.  Because Defendant Matthew Miller was not disciplined or re-trained, as it pertains to the use of force alleged in this matter, we believe the Defendant City of Peoria has implicitly encouraged the alleged abuses described herein.

87.     Defendants' breach of duties, as outlined above, constitutes gross negligence, which was the proximate cause of Plaintiff Denk's injuries.

88.     The City of Peoria exposed Plaintiff Denk to serious harm and Defendant Matthew Miller wantonly and recklessly disregarded the probability of consequences to Plaintiff Denk based on his conduct.

89.     The City breached its duties, as identified by the allegations set forth in the paragraphs above, by: failing to properly train, retain, and supervise its employees;

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

ratifying improper conditions, specifically the carotid control technique; customs, policies, procedures, and practices; implementing, utilizing, and permitting unreasonably dangerous policies, practices, protocols, customs, and training with respect to the use of force.

90.     By reason of the assault by a Defendant City of Peoria employee, and as a direct and proximate result of such assault, Plaintiff Denk sustained serious and permanent bodily injuries, and suffered and will forever suffer great mental and physical pain.

91.     As a further direct and proximate result of the assault and battery by Defendant Matthew Miller, an employee of defendant City of Peoria, Plaintiff Denk has and will continue to incur expenses for medical care and treatment.

### THIRD CLAIM FOR RELIEF

### MONELL

**(The City of Peoria and Chief Arthur Miller Violated 42 U.S.C. § 1983 for Their Unconstitutional Policies, Customs, and Failure to Properly Screen, Hire, Train, Retain, and Supervise its Officers)**

92.     Plaintiff realleges and incorporates by reference the claims, facts and allegations in the paragraphs above as if set forth fully herein.

93.     Defendant Chief Arthur Miller ("Chief Miller") is a policy maker of the City of Peoria and the Peoria Police Department. In his official capacity, Chief Miller has the authority and responsibility to establish policy for the City's Police Officers, to oversee operations of the Police and the services provided by them, to evaluate, certify, and maintain the Police Department's compliance with applicable standards, and is ultimately responsible for everything that happens as it pertains to the City of Peoria Police Department. He also has parallel duties in his individual capacity. The Chief's actions are the actions of the City, the City Council, and the Peoria Police Department.

94.     Defendant Chief Miller was acting under color of law at all times.

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

95.     Defendant Chief Miller is named in his official capacity, pursuant to 42 U.S.C. § 1983 for his conduct alleged herein.

96.     Defendant City of Peoria, and Defendant Chief Miller through its agents and official policymakers, establishes policy for the City's Police Department, oversees the operations of the City's Police Department and the services provided by its officers, and evaluates, certifies, and maintains the Police Department's compliance with applicable standards. Such actions, directly or via ratification, constitute official municipal policy, customs, and practices.

97.     Defendant City of Peoria and Defendant Chief Miller have oversight and supervisory responsibility over its officers, employees, and agents with respect to police matters and are directly liable under 42 U.S.C. § 1985.

98.     Upon information and belief, Defendant Chief Miller and Defendant City of Peoria have long been on notice and had knowledge of the dangerous and unconstitutional conditions that led to Plaintiff Denk's injuries.

99.     Upon information and belief despite its knowledge and notice, Defendant Chief Miller and Defendant City of Peoria were deliberately and callously indifferent to the constitutional rights of those that they serve in training (and/or failing to adequately train) its police personnel in (among other things) the appropriate, lawful and constitutional policies, procedures, practices, protocols, and customs for the use of force as it pertain to approaching a vehicle at night during a routine traffic stop where a Peoria City citizen has a legal firearm in the vehicle.

100.    Defendant Chief Miller and The City of Peoria had independent knowledge of Defendant Matthew Miller's prior history - specifically, that Defendant Matthew Miller was not properly trained in how to approach vehicles when alone at nighttime.

101.    Defendant Chief Miller and Defendant City of Peoria had independent knowledge of Defendant Matthew Miller's prior history - specifically, that Defendant

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

Matthew Miller was not properly trained in how not to place his finger on the trigger of his duty weapon when there was no danger and/or threat to his life during a routine traffic stop.

102. Defendant Chief Miller and Defendant City of Peoria had independent knowledge of Defendant Matthew Miller's prior history - specifically, that Defendant Matthew Miller was not properly trained in how to keep his finger off the trigger of his duty weapon after asking a person like Plaintiff Denk to put his hands on the steering wheel.

103. Defendant City of Peoria showed deliberate indifference by placing Defendant Matthew Miller in a position within which his conduct could lead to excessive force, and thus provided inadequate supervision that resulted in Plaintiff Denk's injuries.

104. The City of Peoria with knowledge of his prior professional history, negligently controlled Defendant Matthew Miller by placing him on duty, and thereby created the dangerous conditions that resulted in Plaintiff Denk's injuries.

105. Upon information and belief despite its knowledge and notice, the City and Chief were deliberately and callously indifferent to the constitutional rights of those that they serve in training (and/or failing to adequately train) its police personnel in (among other things) the appropriate, lawful and constitutional policies, procedures, practices, protocols, and customs for the use of force.

106. Upon information and belief, despite their knowledge and notice, the City and Chief either knew or should have known that unconstitutional policies, procedures practices, protocols, customs, and training (or lack thereof) existed within the Phoenix Police Department and they failed to address these issues, ratified them by inaction, and/or failed to establish and implement appropriate policies, procedures, practices, protocols, customs and training for using force and restraints, and assessing, processing, evaluating, handling, managing, and monitoring citizens in the care,

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

custody, and control of the City in a manner that conformed to federal, state, and applicable standards.

107.   Upon information and belief, despite their knowledge and notice, Defendants permitted and/or ratified the implementation of inappropriate, unconstitutional, functionally obsolete, de facto policies which authorized, approved, condoned, and failed to provide appropriate medical evaluation and care to citizens, failed to provide appropriate monitoring requirements and failed to adequately train supervise Police personnel in these and other areas (without limitations).

## FOURTH CLAIM FOR RELIEF
**(Defendant Matthew Miller Violated Plaintiff Denk's Rights Under the Fourth Amendment and 42 U.S.C § 1983 to be Free From Unlawful Search and Seizures)**

108.   Plaintiff re-allege and incorporate by reference the claims, facts and allegations in the paragraphs above as if set forth fully herein.

109.   Plaintiff's action is brought pursuant to 42 U.S.C. 1983, and the Fourth Amendments of the United States Constitution.

110.   On or about March 27, 2019, Plaintiff Denk possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable seizures and excessive use of force by police officers. Defendant Matthew Miller without probable cause or the consent of Plaintiff Denk, and without a duly authorized arrest warrant, during a routine traffic stop, drew his duty weapon with his finger on the trigger, aimed the weapon at Plaintiff Denk's head, shot him in his face and therefore used excessive force. Defendant Matthew Miller arrested Plaintiff Denk without probable cause on a fabricated allegation and/or charge of aggravated assault.

111.   Before shooting Plaintiff Denk, Defendant Matthew Miller alleged in his police report that Plaintiff Denk, moved his left hand towards his lap, and grabbed the weapon with his right hand after being told to place his hands on the steering

wheel. Defendant Matthew Miller's statements are untrue. In reality, Plaintiff Denk, followed Defendant Matthew Miller's commands and was shot by the Defendant when he attempted to place his hands on the steering wheel as instructed. Thus, Plaintiff Denk did not violate any criminal law or valid command. Furthermore, upon the arrival of Defendant Matthew Miller, Plaintiff Denk did not attempt to interfere with his execution of his duties and was not engaged in any assaultive behavior toward Defendant Matthew Miller or any other person or persons.

112.   Defendant Matthew Miller acted specifically with the intent to deprive Plaintiff Denk of the following rights under the United States Constitution:

a) Freedom from unreasonable seizures, in the form of excessive use of force by police officers,

b) Freedom from a deprivation of liberty without due process of law;

113.   Defendant Matthew Miller, subjected Plaintiff Denk to the aforementioned deprivations with either actual malice or with deliberate indifference to the violation of his constitutional rights.

114.   As a direct and proximate result of the aforementioned acts of the Defendants, and each of them, Plaintiff Denk suffered injuries to his face, palate, neck, jaw, person, speech, and was illegally arrested on a false charge.

115.   The aforementioned acts of Defendant Matthew Miller were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of these individual defendants.

## FIFTH CLAIM FOR RELIEF

**Defendant Matthew Miller Violated Plaintiff Denk's Rights under the Fourth Amendment and 42 U.S.C. §1983 to be Free from the Unreasonable Use of Force.**

116.   Plaintiff re-allege and incorporate by reference the claims, facts and allegations in the paragraphs above as if set forth fully herein.

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

117.   At no time was Defendant Matthew Miller threatened in any way by Plaintiff Denk.

118.   Plaintiff Denk posed no immediate threat and was complying with Defendant Matthew Miller's commands.

119.   Plaintiff Denk committed no crime prior to the routine traffic stop.

120.   Defendant Matthew Miller was not investigating a crime, he only performed a traffic stop based on an allegation that the vehicle lights were not on at the time he saw Plaintiff Denk's vehicle.

121.   Defendant Matthew Miller owed a duty to Plaintiff Denk to act as a reasonable and prudent law enforcement officer, he breached that duty as set forth above, and as a result of that breach caused substantial personal injuries and damage to Plaintiff Denk.

122.   Defendant Matthew Miller shot Plaintiff Denk in his face without provocation.

123.   Defendant Matthew Miller's use of force was objectively unreasonable given the circumstances and facts.

124.   The nature of these actions was so extreme and outrageous that an award of punitive damages is warranted.

125.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages.

## SIXTH CLAIM FOR RELIEF
### Battery – Defendant Matthew Miller

126.   All of the allegations set out above are reasserted and incorporated by reference.

127.   Defendant Matthew Miller, while working as a Police Officer for the City of Peoria and acting within the course and scope of his duties, committed battery when he intentionally fired his duty weapon at and/or towards Plaintiff Denk's head without provocation.

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

128. Defendant Matthew Miller's actions caused Plaintiff Denk severe physical injuries and substantial disfigurement to his face, palate, neck and shoulder.

129. Defendant Matthew Miller had no legal justification for utilizing such force upon Plaintiff Denk.

130. Upon Defendant Matthew Miller's request to Plaintiff Denk to place his hands on the steering wheel, Plaintiff Denk attempted to follow his commands and was shot in his face for doing so. Plaintiff Denk never tried to disobey Defendant Matthew Miller's commands. Throughout Plaintiff Denk's interaction with Defendant Matthew Miller, he attempted to comply with the commands and/or instructions given to him. Despite this, Defendant Matthew Miller shot Plaintiff Denk in his face and mischaracterized Plaintiff Denk's actions in order to cover-up his wrongful conduct. As such, Defendant Matthew Miller's use of force was unreasonable.

131. As a direct and proximate cause of Defendant Matthew Miller's battery, Plaintiff Denk has suffered serious bodily injury, substantial facial disfigurement, pain, suffering, anguish, emotional distress including hospital, and other medical expenses, all in an amount to be proved in the trial in this matter.

132. Defendant Matthew Miller's conduct is also in violation of the City of Peoria Police Department policy and procedures as Plaintiff Denk did not pose a threat to any officer at the time of his contact with Defendant Matthew Miller.

133. The conduct of Defendant Matthew Miller was malicious, wanton, oppressive and accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of exemplary punitive damages.

134. As a direct and proximate result of the actions of Defendant Matthew Miller Plaintiff Denk was : 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3)

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

incurred other special and general \ damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial.

135.   The actions by Defendant Matthew Miller were committed maliciously, oppressively and in reckless disregard of Plaintiff Denk's constitutional rights; sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

136.   All of the allegations set out above are reasserted and incorporated by reference.

137.   Defendant Matthew Miller's conduct was extreme, unreasonable and outrageous.

138.   Defendant Matthew Miller's conduct was extreme, unreasonable and outrageous because he had no reason to shoot Plaintiff Denk in his face.

139.   Defendant Matthew Miller's conduct was extreme, unreasonable and outrageous because he fired a shot into Plaintiff Denk's face after Plaintiff Denk was complying with his commands to place his hands on the steering wheel.

140.   Defendant Matthew Miller's conduct was extreme, unreasonable and outrageous because he falsely reported Plaintiff Denk's actions and because of his false reporting, Plaintiff Denk was charged with a crime he did not commit.

141.   In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff Denk would suffer extreme emotional distress as a result of Defendants' conduct.

142.   Based on Defendant Matthew Miller's actions, Plaintiff Denk suffered and continues to suffer extreme emotional distress.

**WHEREFORE**, Plaintiff Samuel Denk prays for judgment against the Defendants and each of them, jointly and severally, as follows:

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

a) For Medical expenses, past and future, in an amount to be proven at trial;

b) For damages for physical injuries physical and mental pain and suffering, and limitation of their normal activities, both past and future, in an amount to be proven at trial;

c) Punitive damages

d) For taxable court costs;

e) For such other and future relief as this Court deems just and proper.

DATED this 28th day of May, 2020.

BLACKWELL LAW OFFICE, PLLC

By/s/Jocquese L. Blackwell
JOCQUESE L. BLACKWELL SBN 023588
GILLMORE B. BERNARD SBN 032306
3101 N. Central Ave., Suite 820
Phoenix, AZ  85012
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Amanda C. Sheridan
Amanda.sheridan@peoriaaz.gov

Saman J. Golestan
Saman.golestan@peoriaaz.gov

BLACKWELL LAW OFFICE, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012